| STATE OF MICHIGAN THIRD CIRCUIT COURT | SUMMONS AND RETURN OF SERVICE | CASE NO. 09-022434-CL |
|---|---|---|



COURT ADDRESS: 2 WOODWARD AVENUE, DETROIT, MICHIGAN 48226

COURT TELEPHONE NO. (313) 224-

THIS CASE ASSIGNED TO JUDGE: John H Gillis, Jr.     Bar Number: 28527

**PLAINTIFF**
Stokes, Latrece

vs

**DEFENDANT**
CHRYSLER GROUP LLC

**PLAINTIFF'S ATTORNEY**
Meier, Richard A.
(P-38204)
30300 Northwestern Hwy Ste 320
Farmington Hills, MI 48334-3255
(248) 932-3500

| CASE FILING FEE | | JURY FEE |
|---|---|---|
| Paid | | Paid |
| **ISSUED** 09/11/2009 | **THIS SUMMONS EXPIRES** 12/11/2009 | **DEPUTY COUNTY CLERK** Jennifer Moore |

*This summons is invalid unless served on or before its expiration date.     Cathy M. Garrett – Wayne County Clerk

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or to take other lawful action (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The docket number and assigned judge of the civil/domestic relations action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

The action ☐ remains ☐ is no longer pending.
I declare that the complaint information above and attached is true to the best of my information, knowledge, and belief.

Date _____    Signature of attorney/plaintiff _____

COMPLAINT IS STATED ON ATTACHED PAGES. EXHIBITS ARE ATTACHED IF REQUIRED BY COURT RULE.
If you require special accommodations to use the court because of disabilities, please contact the court immediately to make arrangement.

FORM NO. WC101
REV. (3-98)   MC 01 (10/97)   **SUMMONS AND RETURN OF SERVICE**   MCR 2.102(B)(11), MCR 2.104, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206 (A)
DEFENDANT

STATE OF MICHIGAN
IN THE WAYNE COUNTY CIRCUIT COURT

LATRECE STOKES,
    Plaintiff,

V

CHRYSLER GROUP, LLC.,
    Defendant.
_____/

Richard A. Meier (P38204)
Attorney for the Plaintiff
30300 Northwestern Highway, Ste. 320
Farmington Hills, Michigan 48334
248-932-3500
_____/

Stokes, Latrece v CHRYSLER GROUP
Hon. John H Gillis, Jr.    09/11/2009

09-022434-CL

JURY FEE PAID THIS DATE:
BY: SEP 11 2009

## COMPLAINT AND JURY DEMAND

NOW COMES the Plaintiff, by and through her attorney and states:

1. Plaintiff is a resident of the County of Wayne, State of Michigan.

2. Defendant is a post-bankruptcy successor company of Chrysler LLC.

3. There are sufficient damages and/or statutory authority to vest jurisdiction in this court.



FILED
CATHY M. GARRETT
WAYNE COUNTY CLERK
SEP 11 2009
BY

## COUNT 1 – BREACH OF CONTRACT

4. The plaintiff repeats and realleges paragraphs 1 through 3 as if fullys set forth herein verbatim.

5. On of about November 11, 2008 the plaintiff agreed to enter a $75,000 Voluntary Termination Incentive Program. (attached hereto and made a part of this Complaint). The terms of the program were that the plaintiff was to receive $75,000 plus a $25,000 car voucher.

6. Plaintiff was never give the full separation money nor the car voucher.

7. Rather the plaintiff was continually informed that she was qualified under the program and would in fact be tendered the money and voucher at a later time.

8. To this day plaintiff has never been tendered the $75,000 nor the $25,000 car voucher.

9. As a direct and proximate result of said breach of contract the plaintiff has suffered damages, including but not limited to the lost benefit of the contract.

WHEREFORE, Plaintiff prays for a judgment in her favor and against defendant in an amount of $50,000 together with interest, costs and attorney fees.

## COUNT 2 – VIOLATION OF ELLIOTT LARSEN
## CIVIL RIGHTS ACT- DISABILITY DISCRIMINATION

10. Plaintiff repeats and realleges paragraphs 1 through 9 as if fully set forth herein verbatim.

11. Plaintiff suffers from a disability which is defined under the MPWDA.

12. Defendant fully recognized this disability and had placed the plaintiff on a medical leave of absence.

13. On or about November 11, 2008 the plaintiff filed the necessary paperwork to receive a $75,000 Voluntary Termination Incentive Offer.

14. The plaintiff was informed that she could not receive the offer because she was on disability but that as soon as plaintiff was able to return to work she would receive the buyout.  Other non-disabled employee similarly situated to the plaintiff received the offer.

15. Defendant held off the plaintiff from receiving the $75,000 Voluntary Termination Incentive Offer and required the plaintiff to undergo a physical examination by Sedgwick.

16. On April 3, 2009 Sedgwick found the plaintiff able to return to work.

17. Instead of offering the plaintiff the $75,000 Voluntary Termination Incentive Offer which included a $25,000 car voucher the plaintiff was offered $50,000 as a separation agreement.

18. Plaintiff has been discriminated against due to a disability.

19. As a direct and proximate result of said discrimiantion plaintiff has suffered damages including $25,000 on the severance package and a $25,000 new car voucher.

WHEREFORE, Plaintiff prays for a judgement in her favor and against defendant in an amount of $50,000 plus interest, costs and attormey fees.

Respectfully submitted,

*Richard A. Meier*

Richard A. Meier

Dated: August 15, 2009

## JURY DEMAND

NOW COMES the Plaintiff and demands trial by jury.

Respectfully submitted,

*Richard A. Meier*

Richard A. Meier

Dated: August 15, 2009